**The STATE of Ohio**

v.

**O'DELL.**

Franklin County Municipal Court,
Columbus, Ohio.

No. 2010 TRC 193606.

Decided April 12, 2011.

Ben Karrasch, Assistant City Prosecutor, for plaintiff.

Luftman, Heck & Associates and Daniel J. Sabol, for defendant.

BARROWS, Judge.

{¶ 1} Defendant, Gregory W. O'Dell, filed a motion to suppress evidence in this case, and a hearing on the motion was conducted on March 31, 2011.

{¶ 2} During that hearing, Trooper Thaxton testified. Thaxton was the arresting officer. He also has a senior operator's permit from the Ohio Department of Health, which qualifies him to administer a breath test on the BAC Datamaster, a breath-testing device approved by the Department of Health for measuring breath alcohol content in those suspected of operating a vehicle under the influence of alcohol. Trooper Thaxton, under the authority of his senior

operator's permit, administered the breath test, to Gregory W. O'Dell, the defendant in this case.

{¶ 3} During his testimony, Trooper Thaxton affirmed that the director of the department of health did not give him any self-study materials prior to the most recent renewal of his permit. He also testified that he hasn't taken any refresher courses relating to the BAC Datamaster.

{¶ 4} Ohio Adm.Code 3701–53–09(B) authorizes the issuance of operator's and senior operator's permits by the director of health. Ohio Adm.Code 3701–53–09(C) provides that those permits expire one year after their effective date. Ohio Adm.Code 3701–53–09(F) governs the process for renewal of an operator or senior operator permit:

(3) If the individual seeking a renewal permit currently holds an operator or senior operator permit, the permit holder shall have completed satisfactorily an in-service course for the applicable type of evidential breath testing instrument which meets the requirements of paragraph (B) of this rule, which includes review of self-study materials furnished by the director.

Paragraph (B) of this rule states:

The director of health shall issue permits to perform tests to determine the amount of alcohol in a person's breath to individuals who qualify under the applicable provisions of rule 3701–53–07 of the Administrative Code.

Ohio Adm.Code 3701–53–07(D) sets forth the qualifying provisions for senior operators:

An individual meets the qualifications for a senior operator's permit by:

(1) Being a high school graduate or having passed the "General Education Development Test";

(2) Being a certified law enforcement officer sworn to enforce section 4511.19 and/or 1547.11 of the Revised Code, or any other equivalent statute or local ordinance prescribing a defined or prohibited breath alcohol concentration, or a certified corrections officer; and

(3) Having demonstrated that he or she can properly care for, maintain, perform instrument check upon and operate the evidential breath testing instrument by having successfully completed a basic senior operator, upgrade or conversion training course for the type of approved evidential breath testing instrument for which he or she seeks a permit.

{¶ 5} The phrase "in-service course for the applicable type of breath testing instrument" does not appear in either of the other rule provisions cited above; neither does the phrase "review of self-study materials furnished by the director." Clearly then, these two things, an "in-service course" and "review of self-study materials," are matters that are required of those seeking renewal of

their permits. And the evidence in this case is clear that Trooper Thaxton did not meet either of these requirements. He testified, nonetheless, that the director renewed his senior operator's permit after he took a written test and a proficiency or practical test.

{¶ 6} Words and phrases in laws and rules must have meaning. Even if the director of health chose to ignore his own rules by not requiring Trooper Thaxton to complete an in-service course and review self-study materials provided by the director, the court cannot ignore the rule, which was not followed in this case.

{¶ 7} The government argues that Trooper Thaxton's failure to comply with the rules relating to the renewal of his permit (or more properly, the failure of the director to require compliance with his own rules prior to granting renewal) is a minor procedural deviation, that the government has shown substantial compliance with the rules, and that the burden therefore shifts to O'Dell to show actual prejudice resulting from the lack of compliance with the rules. The government points to the case of *State v. Dumitrescu*, 10th Dist. No. 09AP–659, 2009-Ohio-6850, 2009 WL 5064065. In that case, the court of appeals found substantial compliance in the case of an operator who failed to timely renew his certificate. The subject test in that case was administered after the operator had corrected his lapse and had his permit renewed. Salient to that case is the fact that the officer completed the in-service renewal course. There is no mention of the review of self-study materials provided by the director. In this case, Trooper Thaxton did not complete an in-service renewal course, nor did he review self-study materials. The lapse of the officer in *Dumitrescu* was in failing to apply for his renewal before his certificate expired; he was qualified for renewal in all other respects. In this case, Trooper Thaxton was not qualified for renewal based on the plain language of the Ohio Administrative Code.

{¶ 8} The court finds, based on the above, that Trooper Thaxton's permit is invalid and was invalid when issued. Since he lacked a valid permit, he was not authorized to administer a breath test to O'Dell. Since the breath test was not administered in substantial compliance with the regulations, it must be suppressed.

So ordered.